**Bill RODMAN, Larry Nolon and Samuel Miller, individually and as representatives of a class of persons who are qualified journeymen electricians and inside wiremen residing in Southwest Missouri who are not members of IBEW Local 453, but who have worked out of or sought to work out of the IBEW Local 453 referral or hiring hall or who have worked under collective bargaining agreements negotiated and administered by IBEW Local 453, during and since 1976, Appellants,**

v.

**Jim W. HENSLEY, Michael Brumley, Gene McGhee, Pat Shanks, J.L. Smith, John D. Price, J.C. Danner, R.D. Porter, Roger Testerman, Dennis Ashcraft, Leroy Stilley, Jack F. Moore, Carl Tutorino, and International Brotherhood of Electrical Workers, AFL–CIO, and its Local Union No. 453, Appellees.**

No. 83–2384.

United States Court of Appeals, Eighth Circuit.

Submitted April 30, 1984.

Decided Aug. 13, 1984.

Rehearing Denied Oct. 26, 1984.

Rehearing and Rehearing En Banc Denied Nov. 28, 1984.

---

William A. Jolley, Steven A. Fehr, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., and Laurence J. Cohen, Sherman, Dunn, Cohen, Leifer & Counts, P.C., Washington, D.C., for appellees Jack F. Moore, Carl Tutorino, and Intern. Broth. of Elec. Workers, AFL–CIO.

Donald W. Jones, Keeter, Karchmer, Nelms & Kirby, Springfield, Mo., for appellants.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

## PER CURIAM.

This was an action brought by three named plaintiffs, Rodman, Nolon, and Miller,[1] which contained four separate counts. Count one alleged a violation of the duty of fair representation under 29 U.S.C. § 185 and 28 U.S.C. § 1337. Counts two and three alleged violations of the Civil Rights Act, Sections 1983, 1985, and 1988, as well as violations of "Missouri common law."[2] Count four was brought by Miller and alleged a violation of breach of duty of fair representation under 29 U.S.C. § 185 and violations of §§ 1983, 1985, 1988, and "Missouri common law." Appellants appeal from a grant of summary judgment in favor of the defendants. We affirm.

Plaintiffs have essentially filed this action alleging discrimination against the defendants for maintenance of a union hiring hall. The union hiring hall is maintained and operated by a book registration system. Book I is used for local union members who are given hiring referral preference. Book III is used for local members who are "out of classification" but also get priority. Book II is used for "travelers" like the appellants. These travelers, members of other IBEW locals, are only permitted to sign in Book II which gets no priority in job referrals.

The alleged incidents took place from 1977 through 1978. Appellant Nolon used the grievance procedure in 1978 and appellant Rodman used it in 1978, 1979, and March of 1980.[3] This action was filed on August 29, 1980. Nolon filed his grievance in April 1978, and it was ruled on in July 1978. Miller never went through the appeals committee proceedings. Rodman's first grievance was decided in April of 1978, his second in October 1979.

In the case of *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) the Supreme Court held that the six month statute of limitations of LMRA Section 10(b), 29 U.S.C. § 160(b) was the applicable limitation period for hybrid section 301 cases (breach of contract by employer/breach of duty of fair representation against union). This court has held that *DelCostello* is to be applied retroac-

---

1. The district court dismissed the allegations relating to the class action, because no motion was made to certify the class.

2. Counts two and three and the civil rights claims of count four were dismissed by the district court and are not being appealed.

3. The March 1980 procedure was dismissed by the district court for not being at issue in this suit.

tively. *Lincoln v. District 9 IAM,* 723 F.2d 627 (8th Cir.1983). Since the appellants did not file until August 1980, their duty of fair representation claims are clearly time barred. Because we find the appellants to be out of time, we need not address the remaining contentions on appeal.

Affirmed.