**Geoffrey E. LANDAHL, Plaintiff-Appellant,**

v.

**PPG INDUSTRIES, INC., and Brotherhood of Painters & Allied Trades, Local 579, Defendants-Appellees.**

No. 84–1158.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 1984.

Decided Oct. 23, 1984.

tions in employment discharge cases involving alleged violations of section 301 of the Labor Management Relations Act of 1947 ("the Act"), 29 U.S.C. § 185, and a union's breach of the duty of fair representation, is the six-month period prescribed in section 10(b) of the Act, 29 U.S.C. § 160(b). For the reasons set forth below, we hold that *DelCostello* should be applied retroactively, and we affirm the district court's, 577 F.Supp. 867, judgment that the plaintiff's claims are time barred.

Plaintiff Geoffrey E. Landahl was discharged by defendant PPG Industries, Inc. ("PPG") on February 17, 1981. Plaintiff, represented by defendant Brotherhood of Painters and Allied Trades, Local 579 ("the Union"), filed a grievance challenging the discharge on February 23, 1981. PPG denied the grievance and notified Landahl and the Union of the denial on March 2, 1981. Under the collective bargaining agreement, the Union and Landahl had five working days in which to notify PPG of their intention to appeal the denial to an arbitrator. There is no dispute in this case that neither the Union nor the plaintiff appealed the denial of the grievance nor presented PPG with a demand to arbitrate. Thus, Landahl's right to compel PPG to arbitrate his discharge expired on March 9, 1981.

Plaintiff retained counsel in July 1981. Landahl, through his attorney, was informed orally in July 1981, and by written notice on August 18, 1981, that the Union would not pursue his grievance further.

On May 25, 1982 plaintiff initiated this action more than fourteen months after his grievance was rejected by PPG and more than nine months after plaintiff had received written notification from the Union that it would not further process his grievance.[2]

Plaintiff contends that in spite of the general rule that a federal court is to apply

Michael A. Pollack, Daniel P. Kondos, Law Offices, Milwaukee, Wis., for plaintiff-appellant.

Paul V. Lucke, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., Gary M. Williams, Hales Corners, Wis., for defendants-appellees.

Before POSNER, Circuit Judge, SWYGERT, Senior Circuit Judge, and DUPREE, Senior District Judge.[1]

SWYGERT, Senior Circuit Judge.

The sole issue in this case is whether *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), should be applied retroactively. In *DelCostello*, the Court held that the applicable statute of limita-

---

1. The Honorable Franklin T. Dupree, Jr., United States Senior District Judge for the District of North Carolina, is sitting by designation.

2. Plaintiff contends that the statute of limitations began to run on his claim when he received written notification from the Union on

August 18, 1981. Even though we doubt the validity of this assertion, *see Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 303 (7th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 707, 79 L.Ed.2d 214 (1984); *Hall v. Printing & Graphic Arts Union, Local No. 3,* 696 F.2d 494, 497 (7th

the law in effect at the time it adjudicates the claim, *see Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981), *DelCostello* should not be applied retroactively in the case at bar. Landahl argues that the three factors set forth in *Chevron Oil Company v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971), used to determine if retroactive application is inappropriate have been met. In *Chevron* the Court stated:

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied retroactively must establish a new principle of law either by overruling clear past precedent on which litigants may have relied, *see, e.g., Hanover Shoe v. United Shoe Machinery Corp.*, *supra*, [392 U.S. 481] at 496, 88 S.Ct. 2224 at 2233, 20 L.Ed.2d 1231, or by deciding an issue of first impression whose resolution was not clearly foreshadowed, *see, e.g., Allen v. State Board of Elections, supra*, [393 U.S. 544] at 572, 89 S.Ct. 817 at 835, 22 L.Ed.2d 1. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker, supra*, [381 U.S. 618] at 629, 85 S.Ct. 1731 at 1737, 14 L.Ed.2d 601. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our case for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma, supra*, [395 U.S. 701] at 706, 89 S.Ct. 1897 at 1900, 23 L.Ed.2d 647.

*Id.* at 106–07, 92 S.Ct. at 355–56.

With respect to the first factor, plaintiff argues that the result in *DelCostello* ab-

ruptly overruled prior decisions which clearly held that a federal court looks to state law to find the appropriate statute of limitations to be applied in these labor law disputes. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981); *International Union v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Thus, *DelCostello* unforeseeably divested him of his right to rely on a six-year statute of limitations established by the Wisconsin Supreme Court almost twenty years ago. *See Tully v. Fred Olson Motor Service Co.*, 27 Wis.2d 476, 134 N.W.2d 393 (1965).

We do not agree. Neither *Hoosier Cardinal* nor *Mitchell* represent the kind of "clear past precedent" contemplated in *Chevron*. In *Mitchell* the Court expressly noted that the issue presented for review involved only the choice between two *state* statutes of limitations. It specifically stated that the issue of the applicability of the six-month limitations period found in section 10(b) of the Act was not being reviewed. 451 U.S. at 60 n. 2, 101 S.Ct. at 1562 n. 2. In *Hoosier Cardinal* the Court held that a state statute of limitations should be applied to a union's section 301 claim against an employer for accumulated vacation pay. It expressly reserved the question of which statute of limitations is to be applied in other section 301 claims such as those involving "consensual processes [*i.e.*, arbitration] that federal labor law is chiefly designed to promote." 383 U.S. at 702, 705 n. 7, 86 S.Ct. at 1111, 1113 n. 7. Thus, neither case clearly established that in cases such as the one at bar, a court is automatically to apply a state statute of limitations.

In fact, it is clear that before *DelCostello* there was much confusion and conflict among the circuits regarding the appropriate statute of limitations to be applied in these types of claims. *See Edwards v.*

---

Cir.1982), we need not decide in this case if he is correct. Even if we accept the date suggested by plaintiff, it is still more than six months

prior to the date on which plaintiff initiated this action.

*Sea-Land Service, Inc.,* 720 F.2d 857, 862 (5th Cir.1983). Thus, *DelCostello* represented a clarification of the law, not a "clean break" with past precedent. *See Edwards, supra,* 720 F.2d at 863.

While arguing that *DelCostello* unforeseeably overruled *Hoosier Cardinal* and *Mitchell,* plaintiff admits that *DelCostello* resolved the circuit conflict. Yet, he attempts to circumvent this admission by arguing that the conflict was at the national level; at the local level, Wisconsin lawyers consistently and justifiably relied on *Tully.* It is true that *Tully,* even though a state case, involved the interpretation of federal law, and, thus, Wisconsin lawyers could rely on it. *See Amalgamated Ass'n of Street Employees v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). Nonetheless, for several reasons we are not persuaded that such reliance was justified here. First, a local lawyer dealing with federal claims cannot simply ignore the significance of recent developments in the federal courts that would clearly warn him not to place undue reliance on a particular state case. Second, less than two months after the Supreme Court decided *Mitchell* and approximately three months after plaintiff's grievance was denied, this circuit, of which Wisconsin is a part, ruled that employee suits for breach of the collective bargaining agreement were governed by the 90-day state statute of limitations applicable to actions to vacate an arbitration award, not the six year limitations periods for actions based on contract. *See Davidson v. Roadway Express, Inc.,* 650 F.2d 902 (7th Cir.1981), *cert. denied,* 450 U.S. 947, 102 S.Ct. 1447, 71 L.Ed.2d 661 (1982). Finally, the court in *Tully* expressed dissatisfaction with the six-year statute of limitations period it had chosen because it was "excessive and ... not conducive to prompt disposition of labor disputes." 27 Wis.2d at 489, 134 N.W.2d at 399. Thus, *Tully* itself put Wisconsin lawyers on notice that the result in *Tully* was unstable and likely to be overturned. Under these circumstances, we do not feel that plaintiff was justified in believing that he unequivocally had six years from the date on which his cause of action accrued to file these claims.

Furthermore, the result in *DelCostello* was foreshadowed by *Mitchell,* which was decided only two months after Landahl's grievance was denied. As noted above, the *Mitchell* majority specifically stated that it was not addressing the issue of whether the six-month limitations period in section 10(b) should apply. *Id.* at 60 n. 2, 101 S.Ct. at 1562 n. 2. Justice Stewart, in a concurring opinion, urged the Court to adopt that limitations period. *Id.* at 70–71, 101 S.Ct. at 1567–1568. Justice Blackmun, in a separate concurring opinion, stated that he agreed with Justice Stewart's analysis, but that the Court should not adopt that position until the issue was squarely presented. *Id.* at 65, 101 S.Ct. at 1565. We believe that these three statements in *Mitchell* clearly suggested that the limitations period of section 10(b) of the Act would be adopted.

The second *Chevron* factor has also not been satisfied. The *DelCostello* rule was adopted to provide uniformity in this area, to give employees ample time to vindicate their rights and, at the same time, to provide for rapid disposition of labor controversies. *DelCostello, supra,* 462 U.S. at ——, 103 S.Ct. at 2292. We adopt the persuasive reasoning of the First, Third, Fourth, Fifth, Sixth, Eighth and Eleventh Circuits that giving retroactive effect to the *DelCostello* rule would further its purpose. *See Graves v. Smith's Transfer Corp.,* 736 F.2d 819 at 821; *Scott v. Local 863, International Brotherhood of Teamsters,* 725 F.2d 226, 228 (3rd Cir.1984); *Murray v. Branch Motor Express Co.,* 723 F.2d 1146, 1148 (4th Cir.1983); *Lincoln v. Machinists and Aerospace Workers,* 723 F.2d 627, 630 (8th Cir.1983); *Rogers v. Lockheed Georgia Co.,* 720 F.2d 1247, 1249–50 (11th Cir.1983); *Edwards v. Sea-Land Service, Inc., supra,* 720 F.2d at 861–62 (5th Cir.); *Perez v. Dana Corp., Parish Frame Division,* 718 F.2d 581, 587–88 (3d Cir.1983). We also note that in *Graves, Edwards,* and *Rogers* the plaintiffs argued that a longer state statute of limita-

tions applied; even so, the courts were persuaded to apply *DelCostello* retroactively. Landahl's case is indistinguishable.

Finally, we find no equitable factor that would support nonretroactive application. Plaintiff's grievance was denied in early March 1981; yet he waited almost fifteen months to file suit even though the Union had indicated to him in July and August that it would not continue to handle his grievance. Plaintiff also claims that he engaged in "lengthy and costly discovery" after filing suit. The record shows, however, that at least one defendant had immediately challenged plaintiff's suit as untimely Plaintiff was thus put on notice that his claim was timebarred and that any costly discovery might be unnecessary. Furthermore, there is no indication, despite plaintiff's contrary argument, that the defendants acted in bad faith to delay plaintiff's use of legal remedies. Indeed, plaintiff admits that he retained private counsel to deal with this matter in July 1981. This indicates that he was fully aware that he could pursue his own legal remedies and that he was not in the least deterred from pursuing them by any alleged acts of the defendants. We hold, therefore, that none of the *Chevron* factors for nonretroactive application have been met.

Our decision in favor of retroactive application is buttressed by recent decisions of this court and other courts of appeals. Seven circuit courts of appeals which have expressly considered in careful detail the issue presented here have decided in favor of retroactive application. *See Gray v. Amalgamated Meat Cutters, Local 540*, 736 F.2d 1055 (5th Cir.1984) (*DelCostello* to be applied retroactively in all cases); *Graves v. Smith's Transfer Corp., supra*, 736 F.2d 819 (1st Cir.); *Scott v. Local 863, International Brotherhood of Teamsters, supra*, 725 F.2d 226 (3rd Cir.); *Murray v. Branch Motor Express Co., supra*, 723 F.2d 1146 (4th Cir.); *Rodman v. Hensley*, 740 F.2d 665 (8th Cir.1984); *Lincoln v. Machinists and Aerospace Workers, supra*, 723 F.2d 627 (8th Cir.); *Rogers v. Lockheed Georgia Co., supra*, 720 F.2d 1247 (11th Cir.); *Edwards v. Sea-Land*

*Service, Inc., supra*, 720 F.2d 857 (5th Cir.); *Perez v. Dana Corp., Parish Frame Division, supra*, 718 F.2d 581 (3d Cir.). The circuit that decided in favor of nonretroactivity did so primarily on the equitable basis that the case before it had already proceeded to judgment. *See Edward v. Teamsters Local Union No. 36, Building Material and Dump Truck Drivers*, 719 F.2d 1036 (9th Cir.1983). Furthermore, without expressly considering the issue presented here, both this court and the Second Circuit have applied the *DelCostello* rule retroactively. *See Ranieri v. United Transportation Union*, 743 F.2d 598 (7th Cir.1984); *Assad v. Mt. Sinai Hospital Co., Inc.*, 725 F.2d 837 (2d Cir.1984); *Ernst v. Indiana Bell Telephone Co., Inc.*, 717 F.2d 1036 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984); *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299 (7th Cir.1983); *Storck v. International Brotherhood of Teamsters*, 712 F.2d 1194 (7th Cir.1983).

Given our analysis of the *Chevron* factors and the persuasive reasoning of other circuit courts of appeals on this issue, we hold that *DelCostello* should be applied retroactively in this case. The district court's judgment is affirmed.