UNITED STATES of America, Plaintiff,

v.

Richard JOHNSON, Defendant.

No. 84 C 10066.

United States District Court,
N.D. Illinois, E.D.

Jan. 7, 1985.

Canella Henrichs, Asst. U.S. Atty., Chicago, Ill., on behalf of plaintiff U.S. Government.

David C. Thomas, Chicago, Ill., on behalf of defendant Richard Johnson.

## MEMORANDUM AND ORDER

BUA, District Judge.

Before the Court is defendant's motion, pursuant to 28 U.S.C. § 2255, the Fifth and Sixth Amendments to the United States Constitution, and Fed.R.Crim.P. 32, to vacate the sentence imposed by the Court on December 22, 1983, to allow the defendant access to the presentence investigation report for the purpose of correcting numerous errors and misstatements therein, and setting this matter for a new sentencing hearing in accordance with the terms of Rule 32. For the reasons stated herein, defendant's motion to vacate his sentence is denied.

## I. FACTS

This habeas corpus petition challenges defendant's sentence, imposed after he pled guilty to two counts charging him with mail fraud in violation of 18 U.S.C. § 1341. Defendant Richard Johnson pled guilty on November 17, 1983 to two counts of drawing up 125 fraudulent loan contracts out of a potential number in excess of 1,100 loan contracts. The amount advanced on the 125 fraudulent loan contracts was in excess of $135,000. The company defrauded was Walter E. Heller & Company. Heller indicated that its loss in this case is $919,000.

The presentence report indicated that defendant was previously arrested eight times and served one year in a pretrial diversion program for bank fraud and embezzlement. The report also indicated that defendant was convicted of contempt of court for which he served ten days in jail. Finally, the report indicated that Heller claimed its loss to be $919,000.

At the sentencing proceeding, the defense counsel referred to the presentence report several times. He mentioned the report when describing the situation of the co-defendant Vicky Lynn Johnson. He complimented the U.S. Probation Officer for a thorough report. He referred to the report when he asked for leniency for the defendant in light of the fact that the victim is a corporation. Finally, he referred to the report when he questioned the accuracy of Heller's claimed $919,000 loss.

The defendant made a short statement saying that he was sorry about what he had done. The government then raised an incident not contained in the presentence report. The incident involved an apparent fraudulent loan. However, in response to the defense counsel's objections regarding this incident, the Court informed the defense counsel that this "new development does not add to or detract from the court's evaluation of what the proper sentence in this case will be in connection with Mr. Johnson's case."

The government recommended "substantial incarceration." The Court sentenced Johnson to three years imprisonment on Count I to be followed by three years probation on Count II. In addition, defendant was fined the maximum fine of one thousand dollars on each count. During the sentencing hearing, the Court made these comments:

> The court has always adhered to the view in most cases that everyone is entitled to a second chance. Mr. Johnson had his chance. He had his second chance. And he proved to the court and apparently to the government that he is not a proper candidate for probation. Albeit he did plead guilty, I also agree with the government Mr. Johnson shows utterly no remorse whatever for his actions. I think to grant probation in Mr. Johnson's case would be a mockery. I don't know how else to characterize it. Not only did he engage in this scheme after he had been treated with compassion by the U.S. Attorney and after the court had treated him compassionately, he involved his family members, and that requires some period of incarceration in the court's humble opinion.

Defendant asserts that the presentence report contains a laundry list of previous arrests without explanation which tends to unjustly portray him as a disruptive person with an extensive criminal background. He also argues that Heller's claimed loss of $919,000 contained in the report was factually inaccurate, and that the report does not mention that the entire $135,000 loss from the 125 fraudulent loan contracts was paid back to Heller.

Defendant makes two arguments in this habeas corpus petition: first, that the Court failed to assure him access to his presentence report and an opportunity to dispute material factual inaccuracies contained in the report, and second, that the Court unknowingly relied on that false information in passing sentence.

## II. DISCUSSION

Convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure which

includes the right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir.1984). A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show first, that the information before the sentencing court was false, and, second, that the court relied on false information in passing sentence. *United States v. Harris*, 558 F.2d 366, 375 (7th Cir.1977).

Several provisions of Rule 32(c) of the Federal Rules of Criminal Procedure are intended to protect that due process right by ensuring that the sentence is fair and based on accurate information. Changes amending this rule with respect to presentence investigations became effective August 1, 1983. Three of the amended subsections clarify considerably the role of the sentencing judge in assuring that the defendant and defense counsel have a meaningful opportunity to review the presentence report and to contest alleged factual inaccuracies. These sections read as follows:

(a) Sentence.

(1) Imposition of Sentence. Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall

(A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report . . . ;

\* \* \* \* \* \*

(c) Presentence Investigation.

\* \* \* \* \* \*

(3) Disclosure.

(A) At a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation. . . . The court shall afford the defendant and his counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

\* \* \* \* \* \*

(D) If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Recently, the Seventh Circuit Court of Appeals interpreted these amendments to Rule 32 to require a specific procedure by the district court during the sentencing hearing. *United States v. Rone*, 743 F.2d 1169 (7th Cir.1984). In response to defendant's appeal of his sentence on the basis of factual inaccuracies in the presentence report, the Seventh Circuit in *Rone* said:

The district court at the sentencing hearing need directly ask the defendant only three questions—whether he or she has had an opportunity to read the report, whether the defendant and defense counsel have discussed the report and whether the defendant wishes to challenge any facts in the report.

*Id.* at 1174. The court in *Rone* made it clear that the sentencing judge relied on the factual inaccuracy which the defendant did not have an opportunity to challenge. *Id.*

Defendant here argues that *Rone* requires the Court to vacate his previous sentence because he was not given an opportunity to correct numerous errors and factual inaccuracies contained in the presentence report. The government counters that *Rone* does not apply retroactively to

this case and that the Court did not rely upon alleged inaccurate information contained in the report when it sentenced the defendant. In defendant's reply, he states that: (1) *Rone* should apply retroactively; (2) *Rone* is applicable to a § 2255 petition; and (3) the Court did rely on inaccurate information. In addition to these three issues, the Court will consider a fourth issue: whether defendant waived his right to challenge his sentence based on the Court's failure to comply with Rule 32.

### 1. *Jurisdiction Under 28 U.S.C. § 2255*

The government argues that the Court has no jurisdiction to hear a § 2255 petition which is based solely on a technical failure to comply with Rule 32. It reasons that a technical failure to comply with the Rule does not rise to the level of a jurisdictional or a constitutional error, and only those errors are cognizable under § 2255. The defendant counters that the Rule 32 procedure is fundamental to the vindication of his due process right not to be sentenced on false information contained in the presentence report. Therefore, he concludes that a failure to comply with the Rule's procedure is a constitutional error cognizable under § 2255.

■ Under § 2255, the sentencing court is authorized to discharge or resentence a defendant if it concludes that it "was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Unless the § 2255 claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack remains far more limited. *Stone v. Powell,* 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 3044 n. 10, 49 L.Ed.2d 1067 (1976). The Supreme Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

In *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the Supreme Court held that a violation of Rule 11 of the Federal Rules of Criminal Procedure will support a collateral attack on a conviction based on a guilty plea only when there is a constitutional error or a showing of special prejudice to the defendant. *Id.* at 783, 99 S.Ct. at 2087. In denying § 2255 relief, the Court in *Timmreck* said: "We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *Id.* at 785, 99 S.Ct. at 2088. The government urges this Court to interpret *Timmreck* and *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) as barring § 2255 jurisdiction here since defendant alleged only a technical violation of Rule 32.

■ The Court declines to interpret *Timmreck* and *Addonizio* as broadly as the government suggests. Where, as here, the technical violation of a Federal Rule of Criminal Procedure may lead to a constitutional error, *i.e.,* sentencing on the basis of false information, the Court finds it inappropriate to deny the defendant § 2255 jurisdiction. However, the Court's finding does not mean that § 2255 relief is appropriate on the sole basis of a technical violation of the Rule. *See infra* Section 4.

### 2. *§ 2255 Waiver*

Assuming, as the Court has, that it has jurisdiction to hear this § 2255 petition, the next issue is whether the defendant has waived the technical violation of Rule 32 and the resulting alleged constitutional error by failing to raise it on a direct appeal. The Court notes that the defendant discussed some factual inaccuracies in his Rule 35 motion to vacate the sentence, which the Court denied. The defendant offers no explanation for failing to raise on direct appeal all of the factual inaccuracies which he claims are contained in the presentence report. The government argues that *Rone* is not applicable here because that case involved an appeal and the defendant never appealed in this case.

■ A collateral challenge may not substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). When a criminal defendant fails to appeal an issue he has pressed at trial, and then later seeks to raise that issue in a § 2255 proceeding, he makes a collateral challenge as an attempted substitute for appeal. *Norris v. United States*, 687 F.2d 899, 903 (7th Cir.1982). Therefore, to obtain collateral relief based on trial errors for which no direct appeal is made, a defendant must show both (1) "cause" excusing his procedural default, and (2) "actual prejudice" resulting from the errors of which he complains. *United States v. Frady, supra*, 456 U.S. at 168, 102 S.Ct. at 1594; *Norris v. United States, supra*, 687 F.2d at 903.

Both *Frady* and *Norris* involve a waiver of trial errors, which are the bases for collateral attack. In the present case, defendant alleges a failure of the Court to comply with Rule 32 and a resulting sentencing based on false information contained in the presentence report. The defendant's burden in *Frady* is that of "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." 456 U.S. at 170, 102 S.Ct. at 1596. In *Norris*, defendant failed to show good cause because he gave "no reason for not complaining about the trial judge's denial of his photo-identification claim, and about the judge's and jury's alleged prejudice against him, in his direct appeal from conviction." 687 F.2d at 904.

■ Applying the cause and prejudice test for waiver to the present case, the Court distinguishes trial errors in *Frady* and *Norris* from the error alleged here. While a trial error is usually known at trial or shortly thereafter, an error in a presentence report which defendant alleges he never saw or had an opportunity to see might remain unknown to the defendant long after both sentencing and the time for appeal. In light of the following distinc-

tion, the Court finds it difficult to find waiver where a Rule 32 violation has been alleged and where there is no evidence that defendant saw the presentence report (in order to discover the factual inaccuracies claimed to be waived). Therefore, in the present case, defendant's showing of cause arises out of his lack of opportunity to see the presentence report in order to discover the factual inaccuracies.

A similar analysis applies to the showing of prejudice required to avoid waiver. An incorrect jury instruction or an incorrect evidentiary ruling might have little prejudicial effect when set against all of the evidence and testimony produced during a trial. However, factual inaccuracies contained in a presentence report which defendant did not see may have a greater prejudicial effect during a sentencing proceeding.

■ The only way to determine the actual prejudice of such factual inaccuracies in a presentence report is to examine whether the sentencing judge relied on them. Since it will make this determination later in this opinion when it interprets the requirements of *Rone*, the Court will assume that the alleged factual inaccuracies in the presentence report could have worked to defendant's actual and substantial disadvantage in the sentencing hearing. Therefore, in the present case, the Court finds that the defendant did not waive the alleged factual inaccuracies in his presentence report when he failed to raise them on direct appeal.

### 3. *Retroactivity of U.S. v. Rone*

The government argues that *Rone* should not be applied to review the defendant's sentencing since *Rone* was decided after the sentencing. The defendant argues that *Rone* is an elucidation of the 1983 amendments to Rule 32 and therefore *Rone* should be applied retroactively. In deciding to apply *Rone* to this case, the Court finds the reasoning to be persuasive in *Landahl v. PPG Industries, Inc.*, 746 F.2d 1312 (7th Cir.1984).

■ The general rule is that a federal court must apply the law in effect at the time it adjudicates the claim. *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879 n. 16, 69 L.Ed.2d 784 (1981). In order to determine that application of the general rule is inappropriate, the court must find that three factors have been met. *Chevron Oil Company v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). In *Landahl,* the Seventh Circuit Court of Appeals found that the three factors had not been met. First, the Seventh Circuit found that the case to be applied retroactively "represented a clarification of the law, not a 'clean break' with past precedent." *Supra,* at 1315. In the present case, *Rone* also represents a clarification and interpretation of the 1983 amendments to Rule 32 and is not a break with any contrary past precedent.

■ Second, the Seventh Circuit found that retroactive application of the case in question would promote uniformity in that area of the law, *id.,* at 1315, and therefore retroactive application would further the operation of the rule in question. *Chevron Oil Company v. Huson, supra,* 404 U.S. at 106–07, 92 S.Ct. at 355. In the present case, *Rone* promotes uniform application of Rule 32 and its efficient operation because the Seventh Circuit attempts to simplify the procedure for complying with Rule 32. Third, the Seventh Circuit in *Landahl* found no inequity which would be caused by retroactive application. *Supra,* at 1316. In the present case, the government would suffer no inequity from retroactive application of *Rone* and the defendant could suffer a great deal of harm if *Rone* was not applied retroactively. Therefore, since it finds that the government has met none of the three *Chevron* factors, the Court holds that *Rone* should be applied retroactively to this case.

### 4. *Rone's Application to the Alleged Rule 32 Violation*

The defendant argues that a technical violation of Rule 32 requires him to be resentenced according to the procedure set out in *Rone.* He reasons that it is impossible for the Court to determine whether it relied on factually inaccurate information unless the defendant has an opportunity to see the presentence report and identify the inaccurate information. The government counters that it can be inferred from the record of the sentencing proceeding that the Court did not rely on any of the allegedly inaccurate information and therefore the defendant is not entitled to a new sentencing hearing.

Rule 32 specifically requires that the defendant and defense counsel shall be permitted to read the report at a reasonable time before the imposition of sentence. *U.S. v. Rone,* 743 F.2d 1169, 1173 (7th Cir.1984). In *Rone,* the Seventh Circuit Court of Appeals reasoned that the district court has "an affirmative duty to ensure that the defendant has had an opportunity to read the report a reasonable time before the hearing is held." *Id.* at 1174. This affirmative duty requires the district court to establish a clear record so that compliance with Rule 32 can be determined. *Id.* To this end, the Seventh Circuit proposed the simple three-question procedure to be followed by the district court to determine whether the defendant had access to the presentence report a reasonable time before the sentencing hearing. *Id.*

A broad interpretation of *Rone's* three-question procedure implies that failure to comply with the new procedure requires a new sentencing hearing regardless of whether the information contained in the presentence report is true or false. However, the Seventh Circuit did not decide *Rone* in a vacuum; rather, the case contained factual findings which must be read along with *Rone's* procedural holdings. First, the *Rone* court held that, where the record does not show and the defendant now denies that he had access to the presentence report before the hearing, Rule 32(a)(1)(A) has not been complied with. Second, the *Rone* court found that the defendant met the burden, set forth in *United States v. Harris,* 558 F.2d 366 (7th

Cir.1977), of raising grave doubt about the reliability and accuracy of certain information contained in the presentence report. 743 F.2d at 1174. Finally, the *Rone* court found that the sentencing judge's comments made it clear that he relied on the unreliable information.

In light of the factual findings accompanying the three-question procedure set forth in *Rone,* this Court concludes that the proper interpretation of *Rone* should be a narrow one: a new sentencing hearing should be granted only when a violation of Rule 32(a)(1)(A) is accompanied by a showing that the sentencing judge relied on the alleged inaccurate information. Where, as here, it is unclear from the record whether the judge relied on alleged inaccurate information in the sentencing proceeding, this Court believes that the judge may still comply with Rule 32 with a determination here under Rule 32(c)(3)(D). Therefore, the Court holds that, where defendant alleges inaccurate information contained in the presentence report and the record is unclear whether the sentencing judge relied on that information, a new sentencing hearing is not mandated by *Rone* or Rule 32(a)(1)(A) if the Court makes a determination under Rule 32(c)(3)(D) that either the information contained in the presentence report is accurate or the challenged information was not relied upon by the sentencing judge in the sentencing proceeding.

The Court's holding that neither *Rone* nor Rule 32 mandates an automatic resentencing in this case is not inconsistent with the Seventh Circuit's holding in *Rone,* where the court found that the sentencing judge clearly had relied on unreliable information contained in the presentence report. In addition, the Court's narrow interpretation of *Rone* is consistent with the due process right not to be sentenced on the basis of false information. *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948). Under *Townsend* and *Tucker,* a sentence must be set aside where the defendant can show that false information was part of the basis for the sentence. *United States ex rel. Welch v. Lane,* 738 F.2d 863, 865 (7th Cir.1984). To hold that a new sentencing hearing is mandated by a technical violation of Rule 32 without a showing of reliance by the sentencing judge on the alleged inaccurate information would unjustifiably broaden the scope of this due process right.

One objection which the defendant raises is the impossibility of the Court making a Rule 32(c)(3)(D) determination when the defendant has not had the opportunity to identify the alleged inaccurate information. However, identification of inaccurate information is not a problem in this case, where the defendant identified the alleged inaccurate information in his prior Rule 35 motion, which the Court denied. In addition, identification of inaccurate information by the defendant does not appear to be a problem in most cases brought under § 2255 in which the defendant discovers and then wishes to raise inaccurate information in the presentence report after the sentencing proceeding. Indeed, the Seventh Circuit's emphasis in *Rone* is not only on the discovery of inaccurate information by the defendant, but also on the sentencing judge's reliance on that information as accurate as shown in a fully developed record.

### A. *Rule 32(c)(3)(D) Determination*

Defendant argues that the information contained in the presentence report is false and that the Court unknowingly relied upon it in passing sentence. Further, defendant contends that the report provided no explanation as to the circumstances or even the validity of the prior arrests listed therein. Therefore the defendant concludes that the manner in which the arrests are set forth in the report portray him as a disruptive person with an extensive criminal background. The defendant does not challenge the accuracy of his one-year pretrial diversion in 1979 for one count of bank fraud and one count of embezzlement. The report indicates that the defendant successfully completed the pretrial diversion program. The government contends

that the Court relied only upon the fact of his prior pretrial diversion and not upon any of the contested matters in the presentence report.

 Once an allegation of factual inaccuracy in a presentence report is made, the requirements of Rule 32(c)(3)(D) are triggered, and the sentencing judge is obligated to make a finding as to the allegation or determine that the finding is not necessary because the controverted matter was not relied upon in sentencing. *U.S. v. Rone, supra,* 743 F.2d at 1175. In determining reliance, the reviewing court must determine whether the sentencing judge gave the misinformation specific consideration so that the information formed part of the basis for the sentence. *United States ex rel. Welch v. Lane, supra,* 738 F.2d at 866; *see also United States v. Hubbard,* 618 F.2d 422, 425 (7th Cir.1979). Where the consideration is not explicit in the record, a showing of reliance on erroneous information is not a prerequisite to a new sentencing. *United States v. Harris, supra,* 558 F.2d at 375.

In the present case, it is clear that the sentencing judge (this Court) relied only upon the incident involving the prior pretrial diversion program and not upon the list of prior arrests or the claimed loss of the victim. The Court's reference to a first chance given to the defendant by the court and by the U.S. Attorney can only refer to the pretrial diversion program since none of the other incidents contained in the presentence report involved federal crimes. *Supra,* pages 260–261. In addition, the Court made it quite clear that the fact that the defendant blew his second chance after having been given one break was the primary basis for the Court's imposition of defendant's sentence. The only other factor mentioned was the involvement of defendant's family in the fraudulent loan scheme.

Since neither of these two factors were challenged by the defendant as inaccurate, the Court did not rely on any controverted matter in passing sentence on the defendant and therefore no ground exists to grant him a new sentencing hearing.

Finally, while the Court finds it unnecessary to determine the truth or falsity of the controverted matters in the presentence report raised by the defendant, he does not allege the kind of circumstances, *i.e.,* hearsay-on-hearsay or facially inaccurate or unconstitutional prior convictions, which would raise serious questions of reliability and accuracy regarding the presentence report.

### III. CONCLUSION

For the reasons stated above, the defendant is not entitled to a new sentencing hearing under Fed.R.Crim.P. 32 or the Fifth and Sixth Amendments to the United States Constitution.

Therefore, his motion for relief under § 2255 is denied.

IT IS SO ORDERED.