**David VAN RYN, et al., Plaintiffs,**

**v.**

**The COUNTY OF FRANKLIN, a body politic and corporate, et al., Defendants.**

**Civ. No. 84–4289.**

United States District Court,
S.D. Illinois,
Benton Division.

July 26, 1985.

Robert P. Schulhoff, Robert P. Schulhoff & Assoc., Carbondale, Ill., for plaintiffs.

Terry M. Green, State's Atty., Benton, Ill., Charles R. Jelliffe, Jelliffe, Ferrell & Morris, Harrisburg, Ill., for defendants.

---

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendants' Motion to Dismiss. On June 20, 1984, plaintiffs filed this action alleging that their civil rights were violated when the Franklin County Sheriff terminated their employment on November 25, 1980. According to plaintiffs, they were discharged for having filed a grievance with the Department of Labor. Count I is brought under 42 U.S.C. § 1983; Counts II and III invoke pendent jurisdiction over claims involving the Illinois Constitution and the tort of retaliatory discharge. Defendants, relying on *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), contend that the § 1983 claim is barred by Illinois' two-year limitations period for personal injuries. For the following reasons, this Court holds that plaintiffs' § 1983 claim is time-barred under the limitations period for personal injuries found at Ill.Rev.Stat. ch. 110, ¶ 13–202.

■ As Congress has not established a specific statute of limitations applicable to § 1983 actions, courts are directed to borrow and apply the most appropriate state statute of limitations. *Burnett v. Grattan*, —— U.S. ——, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The United States Supreme Court has held that for the purpose of § 1983 claims, the state limitations statute governing personal injury action constitutes the most appropriate statute of limitations to be borrowed. *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Illinois, a two-year limitations period has been adopted for personal injury claims. Ill. Rev.Stat. ch. 110, ¶ 13–202.

Prior to the clarification in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Seventh Circuit Court of Appeals, in an attempt to determine the most analogous state limitations period, considered claims such as those of plaintiffs in the instant case to be governed by Illinois' five-year catch-all period found in Ill.Rev.Stat. ch. 110, ¶ 13–205. *See, e.g., Kolar v. County of Sangamon*, 756 F.2d 564 (7th Cir.1985); *Sack Brothers Loan Co., Inc. v. Cunningham*, 578 F.2d 172 (7th Cir.1978); *Teague v. Caterpillar Tractor Co.*, 566 F.2d 7 (7th Cir.1977); *Beard v. Robinson*, 563 F.2d 331 (7th Cir.1977). The Seventh Circuit appears to recognize that, even as to actions initiated prior to *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the "state statute of limitations that the federal courts must borrow in a section 1983 suit is the statute of limitations for personal-injury suits." *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir.1985). This position is consistent with recent decisions rendered in other circuits which have applied personal injury limitations periods to actions filed prior to the Supreme Court's decision in *Wilson. See, e.g., Jones v. Preuit & Mauldin*, 763 F.2d 1250 (11th Cir.1985); *Johnson v. Swyka*, 763 F.2d 602 (3d Cir.1985); *Burkhart v. Randles*, 764 F.2d 1196 (6th Cir.1985); *Serrano v. Torres*, 764 F.2d 47 (1st Cir.1985); *Smith v. City of Pittsburgh*, 764 F.2d 188 (3d Cir.1985); *Acoff v. Abston*, 762 F.2d 1543 (11th Cir.1985); *Knoll v. Springfield Township School District*, 763 F.2d 584 (3d Cir.1985).

■ In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971), the Supreme Court advanced a three-part analysis to determine whether rulings as to applicable statutes of limitations should be applied retrospectively. The factors to be considered include: the extent of change from established prior law; the purpose and effect of the rule in question and whether retrospective application would advance or retard this purpose; and the equities of retrospective application. Although the Seventh Circuit has not yet specifically addressed these factors in light of the Supreme Court's decision in *Wilson*, the Third Circuit, in *Smith v. City of Pittsburgh*, 764 F.2d 188, at 194–197, considered these factors in depth and determined that restricting the holding in *Wil-

*son* to prospective application was not warranted.

Regarding the first factor, the change from prior law, the rationale set forth in *Wilson* clearly indicates that Congress originally intended to characterize § 1983 as providing a remedy for personal injuries sounding in tort. In rejecting the theory that the choice of the statute of limitations depends on the particular facts of each claim, the *Wilson* Court noted, "there is no reason to believe that Congress would have sanctioned this interpretation of its statute." —— U.S. ——, 105 S.Ct. at 1946. In light of the *Wilson* rationale, as well as the mass confusion and general lack of consistency regarding the selection of state statutes of limitation under § 1988, it cannot be said that the *Wilson* Court's decision overruled clear past precedent or decided an issue of first impression whose resolution was not clearly foreshadowed. The Supreme Court's intention that its decision in *Wilson* should be applied retrospectively is further evinced by its remanding of two cases to the Third Circuit for further consideration in light of *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). *Swyka v. Johnson,* —— U.S. ——, 105 S.Ct. 2108, 85 L.Ed.2d 474 (1985); *Springfield Township School District v. Knoll,* —— U.S. ——, 105 S.Ct. 2065, 85 L.Ed.2d 275 (1985).

The *Wilson* Court was also clear that the purpose of its decision is to provide for "uniformity within each state ... consistent with the borrowing principle contained in § 1988." —— U.S. ——, 105 S.Ct. at 1947. To hold that claims for relief which accrued before April 17, 1985, or actions filed before April 17, 1985, are viable under various statutes of limitations, but that identical claims are subject to only the personal injury limitation by virtue of the time of filing, would certainly not advance the purpose underlying the ruling in *Wilson* and would, in fact, retard this purpose.

In reference to the third factor in the *Chevron* analysis, the equities of retrospective application, it cannot be said in the instant case that plaintiffs relied on a five-year limitations period. According to plaintiffs, immediately upon their discharge from employment they took their cases to an attorney who was later disbarred before having filed an action on their behalf. In 1984, upon finding that their suit had not been filed, they approached another attorney, who filed the instant action. It appears that plaintiffs' reliance was misplaced as regards the conduct of their initial attorney, not as regards the limitations period. In any event, the Supreme Court in *Wilson* noted that "Plaintiffs may be denied their just remedy if they delay in filing their claims, having wrongly postulated that the courts would apply a longer statute." —— U.S. ——, 105 S.Ct. at 1947 n. 34.

The above application of the *Chevron* factors is consistent with a similar Seventh Circuit analysis regarding retroactive application of a Supreme Court statute of limitations decision. The court in *Landahl v. PPG Industries, Inc.,* 746 F.2d 1312 (7th Cir.1984), held that the six-month limitations period prescribed in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), should be applied retroactively. The *Landahl* court examined the *Chevron* factors and determined that the confusion and conflict among the circuits regarding the appropriate statute of limitations to be applied in employment discharge cases involving violations of § 301 of the Labor Management Relations Act was merely clarified by *DelCostello,* which did not therefore represent a "clean break" with past precedent. *Landahl,* 746 F.2d at 1314–15. Further, the *DelCostello* rule had been adopted to provide uniformity; giving retroactive effect to the *DelCostello* rule would further this purpose. *Id.,* at 1315. Finally, although plaintiff in *Landahl* had filed his suit within fifteen months, the court found "no equitable factor that would support a nonretroactive application." *Id.,* at 1316. The *Landahl* court also found persuasive the fact that other courts of appeals had decided in favor of retroactive application. An analysis

parallel to the above would apply to the instant case.

■ The Court is convinced that the principles set forth in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), are applicable to the instant action. As this claim was filed approximately three-and-one-half years after it accrued, it is time-barred under the two-year personal injury limitations period set forth at Ill.Rev.Stat. ch. 110, ¶ 13–202.

Accordingly, defendants' Motion to Dismiss (Document No. 20) is hereby GRANTED; this action is hereby DISMISSED.

IT IS SO ORDERED.