Donald C. **FLOWERS** and King E. Jones, Appellants,

v.

**LOCAL 2602 OF the UNITED STEEL WORKERS OF AMERICA, and United Steel Workers of America, International, and Bethlehem Steel Corporation, Appellees.**

No. 957, Docket 80–7020.

United States Court of Appeals, Second Circuit.

Argued March 21, 1980.

Decided Feb. 1, 1982.

Frank S. Kedzielawa, Buffalo, N. Y. (Eugene W. Salisbury, Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y., of counsel), for appellants.

Michael H. Gottesman, Washington, D. C. (Bredhoff, Gottesman, Cohen & Weinberg, Washington, D. C., McMahon & Crotty, Buffalo, N. Y., Bernard Kleiman, Chicago, Ill., of counsel), for appellees Local 2602 of the United Steel Workers of America, and United Steel Workers of America, Intern.

H. Kenneth Schroeder, Jr., Buffalo, N. Y. (David A. Farmelo, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., of counsel), for appellee Bethlehem Steel Corp.

Before LUMBARD and OAKES, Circuit Judges.*

OAKES, Circuit Judge:

On May 4, 1981 the Supreme Court vacated this court's judgment, made by summary order, in favor of appellants Flowers and Jones, and remanded this action for further consideration in light of *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981).

Flowers and Jones, craft welders at the Bethlehem Steel Corporation, commenced this action against both their employer and their union under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging that Bethlehem Steel breached its collective bargaining contract by wrongfully discharging the employees and that Local 2602 subsequently breached its duty of fair representation in an arbitration hearing. The complaint in this action was filed approximately eleven months after the employees, represented by the union, had lost in arbitration on the wrongful-discharge claim. The district court dismissed the complaint for failure to comply

---

* Judge Mulligan left the court before the judgment in this cause was vacated and the cause remanded to this court for reconsideration. In accordance with § 0.14(b) of the Rules of this Court this appeal was decided solely by the two remaining members of the panel who are in agreement and who do not request the designation of a third judge.

with New York's ninety-day statute of limitations for suits to vacate or modify an arbitration award. N.Y.Civ.Prac.Law § 7511(a) (McKinney). We reversed on the basis of the decision in *Mitchell v. United Parcel Service, Inc.*, 624 F.2d 394 (2d Cir. 1980), which held on similar facts that the lower court should have applied New York's six-year limitations period for actions alleging breach of contract. N.Y.Civ.Prac.Law § 213(2) (McKinney).

██ The employer in *Mitchell* petitioned for review of the court of appeals' decision, although the union did not do so. The Supreme Court characterized the claim against the employer for wrongful discharge as in essence an action to set aside an arbitration award. Accordingly, the Court reversed and stated that the appropriate standard to apply was the ninety-day limitations period for actions to vacate an arbitration award. But as Justice Stevens emphasized in his opinion, concurring in part and dissenting in part, the Court's reasoning as to the claim against the employer did not necessarily determine which statute of limitations governed the employee's claim against the union for lack of fair representation. Thus, on remand in *Flowers* we must reverse under *Mitchell* as to the employer Bethlehem Steel Corporation and we hereby do so. But we still must resolve whether the broad language of *Mitchell* applies to the duty of fair representation claim as well as to the breach of contract claim. If we conclude that it does not, we must also determine which statute of limitations applies. We have read with interest the parties' briefs on these questions.

██ We believe Justice Stevens to be correct that the claim against the union for unfair representation may not be "characterized as an action to vacate an arbitration award." 451 U.S. at 73, 101 S.Ct. at 1569. If the employee prevails against the union, the arbitration award is unaffected since

the arbitration "Joint Panel" did not address any dispute between the employee and the union. Moreover, the claim that the union breached its duty of fair representation, as Justice Stevens pointed out in his footnote 3,[1] could not be resolved in the arbitration proceeding because it arose out of the conduct of that proceeding itself. Conceptually, then, we agree that the claim against the union is not governed by the statute of limitations for actions to vacate arbitrations.

What makes the case difficult is that having Justice Stevens' opinion before it, the seven-person majority in *Mitchell* did not specifically limit the applicability of its decision to an employee's claim against his employer. The Court's reasoning arguably may require applying the same time limit to causes of action against the union since the Court found, quoting *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976), that "to prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union. . . . The grievance process cannot be expected to be error-free." *See* 451 U.S. at 62, 101 S.Ct. at 1563. This language suggests that the Court would apply to the unfair-representation claim the same ninety-day limitations period as it applied to the claim against the employer.

Other statements in the *Mitchell* opinion indicate, however, that a different statute of limitations applies to the claim against the union. The Court's observation that the unfair-representation claim is "more a creature of 'labor law' as it has developed since the enactment of § 301 than it is of general contract law," coupled with references to *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966), and to 29 U.S.C. § 160(b) (1976) (six-month period under NLRA), 451 U.S. at 62, 101 S.Ct. at 1563, suggest that the federal labor law

---

1. Justice Stevens' footnote 3 reads as follows:
   By its very nature, the employee's claim that the union breached its duty of fair representation cannot be resolved in an arbitration

proceeding because it arises out of the conduct of that proceeding itself.
451 U.S. at 73, 101 S.Ct. at 1569.

statute should apply, as Justice Stewart's *Mitchell* concurrence indicated, *id.* at 63, 101 S.Ct. at 1564. At the same time, the Court observed that efforts to characterize *Hines* actions as actions for breach of contract, actions upon a statute, personal injury actions, or malpractice actions "all suffer from the same flaw . . . : they overlook the fact that an arbitration award stands between the employee and any relief which may be awarded *against the company,*" *id.* at 62 n.4, 101 S.Ct. at 1564 (emphasis added).[2] This language may be taken to imply agreement with Justice Stevens' view that claims *against the union,* which are not the subject of the prior arbitration, cannot be characterized as actions to vacate an arbitration award. On the other hand, this language may be interpreted as a refutation of Justice Stevens' view.

The question then becomes whether we are bound to follow the somewhat equivocal dicta expressed by a majority of the Court with reference to a matter which was not specifically before it, or whether we can follow what we think is the more persuasive reasoning expressed in a solitary dissenting opinion. We have struggled with this difficult question. Though we are pressed by the dicta of the majority, we are persuaded by Justice Stevens' analysis. Accordingly, we hold that the arbitration award statute of limitations does not apply.

The question remains whether to apply the three-year statute of limitations for malpractice actions, N.Y.Civ.Prac.Law § 214(6), or the six-month limitations period of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1976). We are persuaded by Justice Stevens' view [3] that section 10(b) is inapplicable both because it relates only to administrative procedures established by Congress to resolve unfair labor practices (*see* Justice Stewart's concurrence [4]) and because it was adopted by Congress six years before the duty of fair representation was recognized. Indeed, not until *Vaca v. Sipes,* 386 U.S. 171, 87

---

**2.** Footnote 4 of the *Mitchell* opinion reads as follows:

> Respondent suggests *Hines* actions might also be characterized as actions upon a statute, personal injury actions, or malpractice actions, all governed by a 3-year limitations period in New York, N.Y.Civ.Prac.Law §§ 214(2), 214(5), 214(6). All of these characterizations suffer from the same flaw as the effort to characterize the action as one for breach of contract: they overlook the fact that an arbitration award stands between the employee and any relief which may be awarded against the company.

451 U.S. at 62, 101 S.Ct. at 1564.

**3.** Justice Stevens' footnote 7 reads as follows:

> Under the rationale of *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192, arguably the proper statute of limitations to apply to such a claim would be N.Y.Civ.Prac. Law § 214(6) (McKinney 1976), which governs claims for nonmedical malpractice. Because the question of the appropriate statute of limitations to apply to respondent's claim against his union is not properly presented in this case, I express no definite opinion on the point. I note, however, that the Court dismisses the suggestion that this action may be characterized as a malpractice action with the observation that this characterization "overlook[s] the fact that an arbitration award stands between the employee and any relief which may be awarded *against the company.*" *Ante,* at

1564, n.4 (emphasis supplied). Because no arbitration award stands between the employee and any relief which may be awarded against the union, this observation is inapplicable to the claim against the union.

451 U.S. at 75, 101 S.Ct. at 1570.

> His footnote 9 reads as follows:
>
> The National Labor Relations Act was enacted in 1935. 49 Stat. 449. Although § 10(b) was a part of the Act at that time, in its original form it did not contain a period of limitations. 49 Stat. 453–454. The 6-month limitations period upon which Justice Stewart relies was added to § 10(b) in 1947. 61 Stat. 146. Six years later, the Court decided the first in a series of cases recognizing that the National Labor Relations Act imposes a duty of fair representation upon unions. *See Ford Motor Co. v. Huffman,* 345 U.S. 330 [73 S.Ct. 681, 97 L.Ed. 1048]. In 1967, in *Vaca v. Sipes,* 386 U.S. 171, [87 S.Ct. 903, 17 L.Ed.2d 842] the Court clearly held that this duty may be judicially enforced. *See generally Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 563–567 [96 S.Ct. 1048, 1055–1057, 47 L.Ed.2d 231].

451 U.S. at 76, 101 S.Ct. at 1571.

**4.** Justice Stewart's footnote 4 reads as follows:

> Concededly, the terms of § 10(b) are directed to the administrative procedures provided by Congress to resolve unfair labor practices. But the fact that Congress did not provide a limitations period for a judicially

S.Ct. 903, 17 L.Ed.2d 842 (1967), did the Court clearly hold the duty judicially enforceable. On the other hand, an action for breach of the union's duty fairly to represent its members at arbitration proceedings is closely analogous to an action for attorney malpractice. *See Mitchell*, 451 U.S. at 61, 101 S.Ct. at 1563 ("Our present task is to determine which limitations period is the 'most appropriate one provided by state law' "). We conclude, therefore, that the three-year nonmedical malpractice statute of limitations applies to the employees' action against the union for breach of its duty of fair representation. This would make the action against the union timely commenced.

Judgment dismissing the complaint against Bethlehem Steel Corporation affirmed; judgment dismissing the complaint against Local 2602 of the United Steel Workers of America and United Steel Workers of America, International reversed.

enforceable action later found implied in the NLRA is not comparable to a congressional failure to establish a time limitation for an action it expressly creates by statute. *Cf. Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 367 [97 S.Ct. 2447, 2454, 53 L.Ed.2d 502]. In any case, it cannot reasonably be assumed here that congressional silence reflects an intent to apply state statutes of limitation for an action based in part on rights and obligations traceable to the NLRA. 451 U.S. at 68, 101 S.Ct. at 1567.