**Joseph MELIN, Plaintiff,**

v.

**ARCATA GRAPHICS (BUFFALO DIVISION), Graphic Arts International Union, Local 17–B, Defendants.**

**No. CIV–81–202E.**

United States District Court,
W.D. New York.

Feb. 9, 1983.

---

**4.** Where the gravamen of a Section 1983 complaint is nothing more than common law negligence, defendants may be able to successfully move for dismissal. Indeed in *Howse v. De Berry Institute, supra,* the complaint was dismissed, not on the *Parratt* rationale urged by the defendants, but on the basis that the alleged failure of defendants to protect the plaintiff from a physical attack by a fellow prison inmate, did not amount to the type of serious abrogation of federal rights which is covered by Section 1983. While noting that the line separating "simple torts from deprivations of constitutionally protected freedoms" is "ill-defined," the Court set forth certain criteria by which the line can be drawn, such as, the extent of injury suffered, the existence of malice on the part of the defendants, the excessiveness of authority asserted and whether the acts complained of " 'amounted to an abuse of official power that shocks the conscience.' " *Id.* at 1181 *quoting Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir.1981). *See also, Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

John P. Jacoby, Chicago, Ill., for Arcata Graphics.

Stuart M. Pohl, Buffalo, N.Y., for Local 17–B.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff, a former employee of defendant Arcata Graphics ("Arcata"), claims that he was discharged by Arcata December 10, 1979 without good cause in violation of a collective bargaining agreement then in effect between Arcata and defendant Graphic Arts International Union, Local 17–B ("Local 17–B"). He further claims that Local 17–B arbitrarily and in bad faith refused to properly process a grievance filed by him in connection with his discharge. Plaintiff asserts causes of action against Local 17–B for breach of its duty of fair representation and against Arcata for violation of the collective bargaining agreement. Defendants have moved to dismiss the Complaint on the grounds that it is barred by the appropriate statute of limitations.

Section 301(a) (29 U.S.C. § 185(a)) of the Labor Management Relations Act ("the LMRA") provides that:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce * * * may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

An action for breach of a collective bargaining agreement may be maintained by an individual employee under section 301 if the action involves "uniquely personal" rights—such as, wages, hours, overtime pay or wrongful discharge. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976). *See, Smith v. Evening News Assn.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

A union's duty to represent fairly members of its collective bargaining unit

Leo J. Fallon, Buffalo, N.Y., for plaintiff.

arises from the subordination of the members' individual interests to the general interests of all members of the unit under the collective bargaining system. *Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967). The duty of fair representation serves to prevent arbitrary conduct by the union against the employees it represents. *Hines v. Anchor Motor Freight, supra,* at 564, 96 S.Ct. at 1056. The duty is breached when a union's conduct towards a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes, supra,* at 190, 87 S.Ct. at 916. A union's arbitrary refusal or failure to process an employee's grievance may violate its duty of fair representation. *Id.,* at 191, 87 S.Ct. at 917.

Congress has not established a limitations period for the commencement of actions under section 301. Nor is there an express federal statute of limitations applicable to a cause of action for a union's breach of its duty of fair representation. Defendants argue that the six-month limitations period prescribed by section 10(b) of the National Labor Relations Act ("the NLRA"), 29 U.S.C. § 160(b), applies to plaintiff's claims in the current case. Because the Complaint was filed approximately fourteen months after plaintiff was discharged, and approximately thirteen months after Arcata denied plaintiff's initial grievance, defendants contend that this action is time-barred. On the other hand, plaintiff maintains that the appropriate limitations period is found in section 213(2) of New York's Civil Practice Law and Rules ("CPLR"), which sets a six-year period for "an action upon a contractual obligation or liability * * *."

Because there is no federal statutory provision setting a limitations period for an action under section 301, the United States Supreme Court has stated that the timeliness of such an action must "be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Auto Workers v. Hoosier Corp.,* 383 U.S. 696, 704–5, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966). *See also, Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

Thus, *United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), was an action by an employee against his former employer and union in which the employee claimed that he was discharged in violation of the collective bargaining agreement and that the union breached its duty of fair representation. A grievance and arbitration proceeding had resulted in a decision upholding the discharge. In holding that the district court had properly dismissed the complaint, the Court concluded that the appropriate limitations period was established by section 7511(a) of the CPLR, which governs proceedings to vacate or modify arbitration awards, rather than CPLR § 213(2).

However, in a concurring opinion in *Mitchell,* Justice Stewart argued that *Auto Workers v. Hoosier Corp., supra,* does not require application of the most appropriate statute of limitations under state law. Rather, he suggested that, where a plaintiff joins claims for breach of the duty of fair representation and under section 301 of LMRA, the limitations period set by section 10(b) of the NLRA is controlling. *United Parcel Serv., Inc. v. Mitchell, supra,* at 65, 101 S.Ct. at 1565. In a separate concurring opinion, Justice Blackman indicated general approval of Justice Stewart's analysis. *Id.,* at 64–65, 101 S.Ct. at 1564. The majority expressly declined to consider whether the six-month NLRA limitations period should be applied because the issue had not been properly presented. *Id.,* at 60, n. 2, 101 S.Ct. at 1562, n. 2.

Justice Stevens, concurring in part and dissenting in part in *United Parcel Serv., Inc. v. Mitchell, supra,* at 74–76, 101 S.Ct. at 1569–71, criticized Justice Stewart's argument that section 10(b) of the NLRA controlled the timeliness of an action for breach of the duty of fair representation. As Justice Stevens noted, section 10(b) speaks only in terms of administrative procedures under the NLRA and there is "[n]othing in the statutory language [which] suggests that Congress intended that this 6-month limitations period be applied in any other context." *Id.,* at 75–76,

n. 8, 101 S.Ct. at 1570, n. 8. Justice Stevens also observed that Congress enacted the six-month limitations period several years before the Supreme Court recognized that the duty of fair representation is imposed on a union by the NLRA. *Id.*, at 76, n. 9, 101 S.Ct. at 1571, n. 9. Justice Stevens also suggested that a different limitations period could be applied to a claim for wrongful discharge against an employer than to a claim for unfair representation against a union. However, because the union had not participated in the petition for certiorari, this issue was not squarely presented to the Court.

Justice Stewart's analysis in *Mitchell* squarely supports defendants' argument that plaintiff's claims in the present case are untimely. Nevertheless, I decline to adhere to said analysis in view of the decisions of the United States Court of Appeals for the Second Circuit in *Abrams v. Carrier Corporation,* 434 F.2d 1234 (2d Cir.1970), *cert. denied* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971), and *Flowers v. Local 2602 of the United Steel Workers of America,* 671 F.2d 87 (2d Cir.1982).[1]

■ In *Abrams,* the Court stated that: " * * * when a § 301 suit is brought against an employer alleging breach of the collective bargaining agreement in conjunction with a claim that the union breached its fair representation duty to pursue the employee's grievance, the same period of limitations should be applied to both claims." *Abrams v. Carrier Corporation, supra,* at 1252. The court further held that the applicable limitations period was the six-year period set out in CPLR § 213(2). *Id.,* at 1253. Other courts have also applied a contracts statute of limitations to suits in which the plaintiff joins claims under section 301 of the LMRA against his employer and for breach of the duty of fair representation against his union. *See, e.g., Butler v. Local U. 823, Int. Bro. of Teamsters,* 514 F.2d 442, 446–48 (8th Cir.), *cert. denied* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Grant v. Mulvihill Bros. Motor Serv., Inc.,* 428

F.Supp. 45 (N.D.Ill.1976); *Falsetti v. Local Union No. 2026, United Mine Workers,* 249 F.Supp. 970 (W.D.Pa.1965), aff'd 355 F.2d 658 (3d Cir.1966). Although *Abrams* expressly avoided establishing a hard and fast rule that the contracts statute of limitations should always be applied to a claim based on breach of the duty of fair representation (*Abrams v. Carrier Corporation, supra,* at 1252–53, n. 15), it does suggest that in the present case the most appropriate limitations period under state law is prescribed by section 213(2) of the CPLR.

In *Flowers* plaintiffs alleged that they had been wrongfully discharged by their former employer. They commenced an action against the employer under section 301 of the LMRA and against their collective bargaining agent for breach of its duty of fair representation some eleven months after having lost their claim in arbitration. Pursuant to the Supreme Court's decision in *Mitchell,* the court held that the action against the employer was governed by the ninety-day New York statute of limitations for proceedings to vacate or modify an arbitration award and was therefore untimely. However, picking up on Justice Stevens's suggestion in *Mitchell* that different limitations periods could be applied to a claim under section 301 of the LMRA than to a claim for breach of the duty of fair representation, the court held that the action against the union was not time-barred. It reasoned that "an action for breach of the union's duty fairly to represent its members at arbitration proceedings is closely analogous to an action for attorney malpractice" and therefore indicated that the three-year limitations period prescribed by section 214(6) of the CPLR applied to plaintiffs' claims against the union. *Flowers v. Local 2602 of the United Steel Workers, supra,* at 91. The court also expressly rejected the notion advanced by Justice Stewart in *Mitchell* that the six-month limitations period under section 10(b) of the NLRA applies to a claim of unfair representation. *Id.,* at 90.

---

1. *Flowers* had not been decided at the time the     current motion was submitted.

The court in *Flowers* did not discuss its prior decision in *Abrams* and therefore has created some ambiguity concerning the appropriate limitations period(s) which should be applied in an action involving a claim of wrongful discharge against an employer under section 301 of the LMRA and a claim against a union for breach of its duty of fair representation. For example, *Flowers* departs from *Abrams's* suggestion that the same limitations period should be applied with respect to both claims. More significantly, in *Flowers* the court applied the three-year statute of limitations established by section 214(6) of the CPLR for malpractice actions to a claim of unfair representation, whereas *Abrams* held that the six-year limitations period for contract actions under section 213(2) of the CPLR applied to such a claim. It should be noted, however, that *Flowers* did not squarely present the question whether a six-year or three-year limitations period should be applied, inasmuch as the action against the union was timely under either period. Thus, *Flowers 's* suggestion that the three-year period should be applied can be interpreted as a mere *dictum*. *Abrams,* on the other hand, squarely held that the six-year limitations period should be applied with respect to the union; the claim against the union had occurred more than three years but less than six years prior to the commencement of the action. Of course, the *Abrams* court expressly stated that a limitations period for tort claims might be applied to a claim of unfair representation in certain circumstances. *Abrams v. Carrier Corporation, supra,* at 1252–53, n. 15. Nevertheless, by suggesting that the three-year period set by section 214(6) of the CPLR applied in *Flowers* without any further elaboration, the court has created some confusion as to the proper limitations period to be applied with respect to the union.

However, the present case does not require determination whether the six-year or three-year limitations period should be applied to plaintiff's claims, or whether the same limitations period should be applied with respect to both the union and the employer. Plaintiff's claims are timely under either section 213(2) (applied in *Abrams*) or section 214(6) (applied in *Flowers*) of the CPLR, but are untimely only if the six-month limitations period under section 10(b) of the NLRA is applied.

Justice Stewart's analysis in *Mitchell* is, of course, entitled to considerable deference on my part. Nevertheless, his argument that the six-month period established by section 10(b) of the NLRA should be applied to a claim based on a union's breach of its duty of fair representation was squarely rejected by the United States Court of Appeals for the Second Circuit in *Flowers.* Moreover, Justice Stewart's analysis is of questionable validity for the reasons stated by Justice Stevens in *Mitchell* and relied upon by the court in *Flowers.*

Justice Stewart's opinion in *Mitchell* can also be criticized for misapplying the policy considerations which underlie section 10(b)'s relatively short limitations period. As Justice Stewart properly noted, the "6-month bar of § 10(b) is designed to strengthen and defend the 'stability of bargaining relationships.' " *United Parcel Serv., Inc. v. Mitchell, supra,* at 68, 101 S.Ct. at 1567 (footnote omitted). However, it is difficult to see how the stability of collective bargaining arrangements would be threatened by adjudication of a single claim of improper discharge and unfair representation as is involved herein. A six-month limitations period in a case such as the present one would do little to advance the interests of industrial stability but could have devastating effects on an individual employee's ability to protect himself from arbitrary conduct on the part of his collective bargaining agent. A relatively short limitations period may be perfectly acceptable in an administrative or institutional context such as is contemplated under section 10(b) of the NLRA. However, an individual employee who may have been unfairly treated by his collective bargaining agent will probably lack both the knowledge and wherewithal to be able to mobilize a swift legal response to such treatment. The duty of fair representation has been imposed on unions in order to maintain a proper balance between an indi-

vidual's interests and the collective interests of the members of his bargaining unit. *See, Hines v. Anchor Motor Freight, supra,* at 564, 96 S.Ct. at 1056; *Vaca v. Sipes, supra,* at 182, 87 S.Ct. at 912. Imposition of a short six-month limitations period would seriously undermine that balance.

Finally, it should be noted that *Mitchell* itself is not controlling herein. In this case, there has not been an arbitration decision rendered against plaintiff. Therefore, this action cannot be characterized as one to vacate or modify an arbitration award.

Based on the foregoing discussion, I hold that plaintiff's claims against the defendant employer and union are not barred by the six-month limitations period set by section 10(b) of the NLRA. Therefore, defendants' motions to dismiss are hereby ORDERED denied.