725 F.2d 837
 115 L.R.R.M. (BNA) 2481, 99 Lab.Cas. P 10,685
 Yolande ASSAD, Plaintiff-Appellant,
v.
MOUNT SINAI HOSPITAL, Mount Sinai Hospital Services, Leon J.
Davis, President, John Doe, Secretary-Treasurer, District
1199, National Union of Hospital and Health Care Employees,
a Division of the Retail, Wholesale, and Department Store
Union, AFL-CIO, an Unincorporated Association, Defendants-Appellees.
 No. 99, Docket 82-7251.
 United States Court of Appeals,
Second Circuit.
 Remanded Oct. 3, 1983.
Decided Jan. 3, 1984.
 
 Before OAKES, VAN GRAAFEILAND and MESKILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 In our earlier decision, Assad v. Mount Sinai Hospital, 703 F.2d 36 (2d Cir.1983), we distinguished United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and held that in a suit by an employee against an employer for wrongful discharge and against the union for breach of its duty of fair representation brought pursuant to section 301(a) of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a) (1976), in which no arbitration took place, the more appropriate limitations period for the claim against the employer was the six month period found in section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 160(b) (1976). However, we felt bound by Flowers v. Local 2602 of the United Steelworkers, 671 F.2d 87 (2d Cir.), cert. granted, --- U.S. ----, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982), to apply a three year statute of limitations to the claim against the union. Recognizing that our application of disparate limitations periods created practical problems, we said in Assad: "The entire panel looks forward to guidance from the Supreme Court when it considers Flowers." 703 F.2d at 44 n. 3. That guidance has now been provided.
 
 
 2
 On June 8, 1983 the Supreme Court decided DelCostello v. International Brotherhood of Teamsters, --- U.S. ----, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and United Steelworkers v. Flowers, id. In a joint decision the Court announced that a federal statute of limitations, namely, the six month period provided by section 10(b) of the NLRA, should govern both claims against the employer and the union.
 
 
 3
 On October 3, 1983 the Supreme Court granted the petition for a writ of certiorari in this case, vacated the judgment and remanded the case to us for further consideration in light of DelCostello. District 1199 v. Assad, --- U.S. ----, 104 S.Ct. 54, 78 L.Ed.2d 73 (1983).
 
 
 4
 Because Assad failed to commence her action against the employer and the union within the six month period we affirm the order of the district court dismissing the complaint against all defendants