**Andres FLORES, Plaintiff-Appellant,**

v.

**The LEVY COMPANY, an Illinois Corporation, Defendant-Appellee.**

No. 83–3252.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 11, 1984.

Decided Feb. 4, 1985.*

Opinion March 19, 1985.

---

\* This appeal was originally decided by unreported order on February 4, 1985. See Circuit Rule

35. The Court has subsequently decided to issue the decision as an opinion.

Bernard M. Kaplan, Ruben, Kaplan & Rosen, Skokie, Ill., for plaintiff-appellant.

Ronald Wilder, Schiff, Hardin & Waite, Robert P. Lyons, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, and BAUER and POSNER, Circuit Judges.

CUMMINGS, Chief Judge.

Plaintiff-appellant Andres Flores appeals from the dismissal of his claims as barred by the statute of limitations. 568 F.Supp. 120. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 predicated on the district court's express determination of no just reason for delay and entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). The issue on appeal concerns the applicable statute of limitations

in an action by an employee against his employer for violations of collective bargaining agreements under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and against his union for breach of the duty of fair representation. We affirm the district court's dismissal of Flores' claims as barred by the statute of limitations.

In their complaint filed on January 19, 1983, twenty plaintiffs including Flores, all current or former employees of the Levy Company ("Levy"), claimed, *inter alia*, (1) breaches by Levy of the collective bargaining agreements covering the plaintiffs and a related breach by the defendant labor organizations (collectively "the Union") of their duty of fair representation and (2) the failure of Levy to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 207(b). Flores was a member of the Union and employed by Levy during the years 1974 to 1980. Flores' section 301 claims are based on allegations that Levy breached certain provisions of the collective bargaining agreements relating to the payment of wages and benefits during those years of employment. Flores also alleges that complaints were made to the Union concerning Levy's alleged violations of the collective bargaining agreements, but the Union failed to take any action on the complaints, thereby breaching its duty of fair representation.

Pursuant to Levy's motion to dismiss, the district court decided that the six-month statute of limitations period in Section 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), applied to all of the plaintiffs' section 301 claims. The district court dismissed all such claims arising prior to July 19, 1982, thereby completely barring Flores' claims. The district court also granted Levy's motion to dismiss the overtime pay claims under the Fair Labor Standards Act which arose prior to January 19, 1980 (later corrected to January 19, 1981) because such claims were barred by the applicable two-year statute of limitations. 29 U.S.C. § 255(a). Levy's motion for judgment on the pleadings against Flores was subsequently granted

since there was no allegation that he was employed by Levy after January 18, 1981. A final judgment order was entered pursuant to Rule 54(b), and this appeal followed.

■■■ Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, permits a union employee to sue his employer for the violation of collective bargaining agreements. However, where the union and the employer have agreed to submit disputes to a grievance-arbitration process, the employee must first show that the union has breached its duty of fair representation. *See Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The cause of action against the union is implied under the National Labor Relations Act. 29 U.S.C. §§ 151 *et seq.* To prevail against either the employer or the union, therefore, the employee must show that the employer's action was contrary to the collective bargaining agreement and that the union breached its duty. Such an action is typically labeled a hybrid section 301/ fair representation claim. *DelCostello v. Teamsters,* 462 U.S. 151, 161–65, 103 S.Ct. 2281, 2289–91, 76 L.Ed.2d 476 (1983). In the absence of an express federal statute of limitations governing these actions, the appropriate limitations period had been the subject of considerable dispute until the Supreme Court's decision in *DelCostello. See e.g., Landahl v. PPG Industries, Inc.,* 746 F.2d 1312, 1314 (7th Cir.1984); *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 302 n. 4 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984). The issue addressed in *DelCostello* concerned what statute of limitations should apply in "a suit by an employee or employees against an employer and a un-

ion, alleging that the employer had breached a provision of a collective bargaining agreement, and that the union had breached its duty of fair representation by mishandling the ensuing grievance-and-arbitration proceedings." *DelCostello,* 103 S.Ct. at 2285. The Supreme Court held that the six-month period in section 10(b) of the NLRA should apply to both the union and the employer. *Id.* at 2287.

Flores contends on appeal that his claims are basically for breach of contract and should therefore be governed by Illinois' ten-year statute of limitations for written contracts. ILL.REV.STAT. ch. 110, § 13–206. Flores argues that *DelCostello* does not establish a blanket six-month limitations period for all hybrid actions. Rather, the argument proceeds, *DelCostello* should be limited to those hybrid cases arising out of a "grievance-and-arbitration proceeding." This case does not so arise and should be considered a "basic" breach of contract action, the argument concludes, because Flores and the other employees-plaintiffs purportedly had no adequate, meaningful, and effective internal union remedies available because the union unlawfully failed to act on their behalf.[1]

■■■ Neither the authority cited by the appellant nor our research provides persuasive statutory or case law support for Flores' attempted distinction. There is no indication that the Supreme Court intended to limit *DelCostello* to grievances processed through arbitration. *See, e.g., Assad v. Mount Sinai Hospital,* 703 F.2d 36 (2d Cir.1983), vacated and remanded for reconsideration in light of *DelCostello,* sub. nom. *Dist. 1199 v. Assad,* —— U.S. ——, 104 S.Ct. 54, 78 L.Ed.2d 73 (1983) (involving grievance but not arbitration proceeding),

---

1. The collective bargaining agreements contained a provision for the settlement of disputes, with certain exceptions. Article XVIII. "[A]ny dispute as to the proper interpretation of this Agreement shall be handled in the first instance by a Representative of the UNION and the EMPLOYER, and if they fail to reach a settlement within two (2) days it shall be referred to a Board of Arbitration." Section 18.1. Further, "the Board of Arbitration shall have jurisdiction over all questions involving the interpretation and application of any Section of this Agreement." Section 18.2.

The Union's purported failure to act on behalf of the employees does not vitiate the contract provisions as the appellant presumably argues. Rather, the contention more properly relates to the union's alleged breach of its duty of fair representation.

on remand, *Assad v. Mt. Sinai Hospital*, 725 F.2d 837 (2d Cir.1984) (holding six-month statute of limitations governs in light of *DelCostello*). Indeed, the Court evidenced an intent to treat all hybrid section 301/fair representation cases alike, stating "the union's breach of duty may consist of a wrongful failure to pursue a grievance to arbitration, ... or a refusal to pursue it through even preliminary stages." *DelCostello*, 103 S.Ct. at 2291 n. 16. *See also Erkins v. United Steelworkers of America*, 723 F.2d 837 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984) (presence of "labor law" element plus hybrid nature of suit made application of section 10(b) appropriate in *DelCostello*). Contrary to Flores' assertion, courts have not focused as a critical matter on the stage of the grievance procedure at which an employee's claim was defeated. It appears quite irrelevant at what point in the contractual grievance procedure the union's breach of its duty of fair representation has occurred. Whether the union has failed to file any grievance at all, *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984); *Bigbie v. Local 142, Intern. Broth. of Teamsters*, 530 F.Supp. 402 (N.D.Ill.1981), or has declined to take a grievance to arbitration, *Landahl v. PPG Industries, Inc.*, 746 F.2d 1312 (7th Cir.1984); *Hall v. Printing and Graphic Arts Union*, 696 F.2d 494 (7th Cir.1982), or has failed to represent the employee fairly before the grievance or arbitration committee, *Davidson v. Roadway Express, Inc.*, 650 F.2d 902 (7th Cir. 1981), *cert. denied*, 455 U.S. 947, 102 S.Ct. 1447, 71 L.Ed.2d 661 (1982), has no significance in relation to the substance of a section 301 claim, namely, whether the union has breached its duty of fair representation. *See also Storck v. International Broth. of Teamsters*, 712 F.2d 1194 (7th Cir.1983); *Stevens v. Gateway Transportation Co.*, 696 F.2d 500 (7th Cir.1982), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983).

■ This Court's decision in *Metz*, upon facts similar to the instant case, is dispositive of Flores' argument. In *Metz*, the union failed to take action to initiate the grievance procedure but this court applied the six-month limitations period pursuant to section 10(b) of the NLRA upon the authority of *DelCostello*. *See also McPeek v. Dayton Forging & Heat Treating Co.*, 574 F.Supp. 300 (S.D.Ohio 1983).

The cases Flores relies upon do not support his attempted distinction. *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), an action for breach of contract by a union against an employer, is distinguishable in that (1) no agreement to submit disputes to arbitration was involved, (2) the union, not an individual employee, brought suit, and (3) the type of section 301 suit brought by the union was obviously and closely analogous to an ordinary breach of contract case. Indeed, in *Hoosier*, the Court expressly reserved the question "[w]hether other § 301 suits different from the present one might call for the application of other rules on timeliness, we are not required to decide, and we indicate no view whatsoever on that question." *Id.* at 704 n. 7, 86 S.Ct. at 1113 n. 7. Flores' claims, unlike those in *Hoosier*, more closely implicate labor law.

*Jenkins v. Local 705 Intern. Broth. of Teamsters*, 713 F.2d 247 (7th Cir.1983), an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.*, is also inapposite. Guided by general federal law and the principles embodied in section 301 cases regarding selection of a limitations period, this Court chose the ten-year Illinois statute of limitations period for contract actions. In characterizing Jenkins' claims as arising under contract law, this court expressly distinguished the ERISA claims from those arising under section 301, noting (1) the pension benefit plan contained no arbitration procedure, (2) the procedure provided for the submission of benefit applications was not analogous to a labor management arbitration proceeding, and (3) the plaintiff did not challenge the terms of

the collective bargaining agreements. *Id.* at 252–53 & n. 7–8.

Finally, considerations of public policy dictate the rejection of Flores' contention. Federal labor policy favors uniformity of labor laws and prompt resolution of labor disputes. It would be unwise to apply a six-month rule when an employee's grievance has been pursued in some manner and a ten-year rule when a union fails to do anything. While there is some difficulty in determining precisely when the cause of action arose where the union has failed to do anything, such difficulty is no justification for the great time disparity nor does it favor the ten-year rule on policy grounds. As with any other plaintiff, an employee with a hybrid section 301/fair representation claim must be diligent in pursuing judicial remedies to protect his rights.

The complaint also alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207,[2] and the overtime pay provisions of the collective bargaining agreements.[3] Flores asserts no error in the district court's decision to apply a two-year statute of limitations for violation of the FLSA,[4] thereby barring his FLSA claim. Rather, Flores contends that his overtime claim based on the collective bargaining

agreements are governed by Illinois' ten-year statute of limitations for written contracts, ILL.REV.STAT. ch. 110, § 13–206, presumably on the same rationale as previously asserted. Clearly, any claims in this case based upon the collective bargaining agreements are governed by the six-month limitations period of section 10(b) of the NLRA on the grounds previously enunciated and warrant no further discussion.

For the reasons enumerated above, the district court applied the correct statute of limitations. Accordingly, the judgment on the pleadings and dismissal of Flores' claims are

AFFIRMED.[5]

---

2. The Fair Labor Standards Act requires the payment of overtime for the hours worked in excess of forty per work-week. 29 U.S.C. § 207.

3. The collective bargaining agreements provided for the following overtime pay:
   (1) Double time on holidays.
   (2) Time and one-half for the first two hours of overtime work after working a regular eight (8) hour day, Monday through Friday; with all other overtime to be paid at the rate of double time.
   (3) Time and one-half for work performed on Saturday between 8:00 A.M. and 12:00 Noon, and double time for work performed after 12:00 Noon Saturday and before the start of the regular work day on Monday.

4. The statute of limitations provides in pertinent part:
   Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

   (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrues except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;
   29 U.S.C. § 255.
   Apparently the district court did not consider, nor does Flores argue on appeal that the three-year limitations period for willful violation should apply.

5. Levy's request for the imposition of double costs and attorney's fees pursuant to Federal Rule of Appellate Procedure 38 is denied. The appeal is not patently frivolous nor does this appear to be an appropriate case for sanctions (i.e. an appeal brought for purposes of delay or harrassment). *See Trecker v. Scag,* 747 F.2d 1176, 1179–80 (7th Cir.1984); *Freeman v. Local Union No. 135,* 746 F.2d 1316, 1322 n. 13 (7th Cir.1984).