Glenna M. JOHNSON, Plaintiff,

v.

BRIGGS & STRATTON CORPORATION, and Local 232, Allied Industrial Workers of America, AFL–CIO, Defendants.

No. 84–C–1193.

United States District Court, E.D. Wisconsin.

May 20, 1985.

---

James A. Beaudry, West Allis, Wis., for plaintiff.

David E. Jarvis and Ely A. Leichtling, Milwaukee, Wis., for Briggs & Stratton Corp.

Kenneth Loebel, Milwaukee, Wis., for Local 232, Allied Industrial Workers of America.

## DECISION AND ORDER

WARREN, District Judge.

### BACKGROUND

This action was initiated on August 24, 1984, when the plaintiff filed her complaint in the Wisconsin Circuit Court for Milwaukee County, seeking vacation of an arbitration award issued on September 13, 1982. Invoking the Wisconsin Employment Peace Act, Wis.Stat. § 111.01 *et seq.*, the Wisconsin Arbitration Act, Wis.Stat. § 788.01 *et seq.*, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the complaint challenges the arbitrator's ruling, effectively upholding a decision to discharge the plaintiff from her employment for lack of proper attendance.

Although the precise nature of the plaintiff's claims against her former employer and the union that presumably represented her in the arbitration proceeding are not clearly articulated in her complaint, it is plain that her action springs, at least in part, from the terms of a collective bargaining agreement entered into by the defendant employer and the defendant union for the period from August 1, 1982, through July 31, 1983. Among other things, that agreement establishes, in Article V, Section 3, the conditions and circumstances under which an employee may be discharged upon a record of unexcused absences; it also prescribes the grievance procedures, culminating in arbitration if timely requested, pursuant to which a union member may challenge the employment-related decisions of the corporate employer.

According to her complaint, the plaintiff was discharged on March 10, 1982, based on an unsatisfactory attendance record—a record the arbitrator likewise found unacceptable. The plaintiff charges that this finding was against the preponderance of the evidence since all of her absences from work were justified by valid reasons, as follows:

> ... [O]n nine (9) occasions [of absence], six (6) were due to illness and one (1) to the weather. An additional two (2) were due to personal business.... Although the employer considered the absences for personal business non-excused, employer did not make an effort to notify the employee that her absences were unexcused and had not asked the plaintiff for her reasons for such absences.
>
> Under such circumstances, the employee could reasonably have believed that her absences for personal business were excused. The absences for illness were not considered excused by the employer notwithstanding the fact that the employer did not request the employee to provide medical verification for those days of absences.

Plaintiff's *Complaint* at 3 (August 24, 1984). It is the plaintiff's position that, in upholding the employer's termination decision, he effectively modified the terms of the collective bargaining agreement, thus exceeding his authority and now justifying vacation of his award. By her ad damnum clause, she also seeks recovery of back wages and those costs and disbursements attendant upon the prosecution of this case.

On September 14, 1984, the defendants together removed this action to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1441 & 1446. By their removal petition, these parties invoked the Court's federal question jurisdiction, as established under 28 U.S.C. §§ 1331 & 1337 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Pursuant to 28 U.S.C. § 1446(d), the petition was accompanied by an appropriate bond to secure "all costs and disbursements incurred by reason of the removal proceedings should it be deter-

mined that the case was not removable or was improperly removed."

Approximately one week later, on September 20, 1984, the defendant union filed its motion to dismiss the complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Specifically, this defendant submits that the plaintiff's failure to allege in her complaint that it breached its legal duty to fairly represent her in the arbitration proceeding entitles it to judgment as a matter of law. In addition, this movant notes that the subject arbitration award was issued on September 13, 1982, and that the appropriate six-month statute of limitations for initiating a fair representation action such as this had thus long run at the time this action was initiated on August 24, 1984.

The defendant employer filed a companion motion to dismiss this action in toto on September 21, 1984, likewise challenging the legal sufficiency of the allegations in the complaint, as follows:

> Here, plaintiff has failed to allege that her union breached its duty of fair representation. The complaint not only fails to set forth facts tending to show as required, that the union's conduct has been arbitrary, discriminatory or in bad faith, it is utterly silent as to the nature of the conduct engaged in by plaintiff's union in processing her grievance through arbitration [citation omitted].
>
> No breach of the duty of fair representation on the part of plaintiff's union has been alleged and no facts have been pled to support any such allegation.
>
> Therefore, this lawsuit cannot be maintained against the union or Briggs & Stratton Corporation.

Defendant's *Memorandum in Support of Motion to Dismiss* at 3 (September 21, 1984).

Significantly, this movant also maintains that the running of the applicable six-month statute of limitations mandates dismissal of the action on jurisdictional grounds. Invoking the holding of the United States Supreme Court in *DelCostello v.*

*International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), this party joins in the argument first advanced by its codefendant that the initiation of this action nearly two years after the arbitration award was issued necessitates dismissal under Rule 12(b). In both its initial, supporting memorandum and in several, post-briefing submissions to the Court, the defendant employer also advances authority for the proposition that the so-called *DelCostello* Rule, announced in 1983, should be applied retroactively to bar an untimely action, such as this one, challenging an arbitration award issued in 1982.

Although the plaintiff in this lawsuit has not filed a responsive memorandum pursuant to the briefing schedule set forth in Local Rule 6.01, counsel has advised, by his letter of February 8, 1985, that his client "believes that the six-year Statute of Limitations under Wisconsin law is the applicable statute regarding this matter" and that the Court should, accordingly, decide the motion absent a formal, answering brief. As indicated above, the Court has reviewed the plaintiff's complaint in this matter and has carefully considered the arguments articulated by the defendants in support of their companion motions to dismiss. Based on this analysis, the Court concludes, for the reasons set forth below, that the complaint must be dismissed on its merits as to both defendants.

## THE RULE IN DELCOSTELLO AND THE DEFENDANTS' MOTIONS TO DISMISS

In *Flores v. The Levy Company,* 757 F.2d 806, 807–808 (7th Cir.1985), the Court of Appeals for the Seventh Circuit described a standard cause of action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as follows:

> [The statute] permits a union employee to sue his employer for the violation of collective bargaining agreements. However, where the union and the employer have agreed to submit disputes to a grievance-arbitration process, the em-

ployee must first show that the union has breached its duty of fair representation. *See Hines v. Anchor Motor Freight*, 424 U.S. 554 [96 S.Ct. 1048, 47 L.Ed.2d 231] (1976); *Vaca v. Sipes*, 386 U.S. 171 [87 S.Ct. 903, 17 L.Ed.2d 842] (1967). The cause of action against the union is implied under the National Labor Relations Act. 29 U.S.C. §§ 151 *et seq.* To prevail against either the employer or the union, therefore, the employee must show that the employer's action was contrary to the collective bargaining agreement and that the union breached its duty. Such an action is typically labeled a hybrid section 301/fair representation claim. *DelCostello v. Teamsters*, 103 S.Ct. 2281, 2289–91 (1983).

The Seventh Circuit further explained that the appropriate statute of limitations for § 301 actions was identified by the United States Supreme Court in *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983):

> In the absence of an express federal statute of limitations governing these actions, the appropriate limitations period had been the subject of considerable dispute until the Supreme Court's decision in *DelCostello*. *See, e.g., Landahl v. PPG Industries, Inc.* 746 F.2d 1312, 1314 (7th Cir.1984); *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 302 n. 4 (7th Cir.1983) *cert. denied,* [—— U.S. ——] 104 S.Ct. 976 [79 L.Ed.2d 214] (1984). The issue addressed in *DelCostello* concerned what statute of limitations should apply in "a suit by an employee or employees against an employer and a union, alleging that the employer had breached a provision of a collective bargaining agreement, and that the union had breached its duty of fair representation by mishandling the ensuing grievance-and-arbitration proceedings." *DelCostello*, 103 S.Ct. at 2285. The Supreme Court held that the six-month period in section 10(b) of the NLRA should apply to both the union and the employer. *Id.* at 2287.

*Flores v. The Levy Company*, 757 F.2d 806, 808 (7th Cir.1985).

There is no dispute that the arbitration award upon which the complaint in the present cause of action is based was issued on September 13, 1982; it is also clear that this lawsuit was not initiated for another twenty-three months, on August 24, 1984. Since the Supreme Court's ruling in *DelCostello* unmistakably affords parties like the present plaintiff a period of only six months from the time of the arbitration award in which to seek judicial redress under Section 301 of the Labor Management Relations Act, 28 U.S.C. § 185, there can be no doubt that the present complaint was not filed in a timely fashion and that the six-month statute of limitations operates as a complete bar to its further prosecution.

Although the plaintiff, as indicated above, has not raised this or any other issue in opposition to the pending dismissal motions, the Court feels obliged to address, if only briefly, the propriety of applying the so-called *DelCostello* Rule, announced by the Supreme Court in 1983, to an action premised on an arbitrator's decision issued one year earlier. As defense counsel accurately notes, this precise issue was addressed by the Court of Appeals for the Seventh Circuit in *Landahl v. PPG Industries, Inc.*, 746 F.2d 1312 (7th Cir.1984). In his opinion for the court in that case, Circuit Judge Swygert invoked the three-stemmed analysis set forth in *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), generally used to determine whether retroactive application of federal statutes is appropriate. With respect to the first of these touchstones, the Court concluded, based on the pre-1983 treatment of the limitations question by the lower courts, that the ruling in *DelCostello* did not establish a new principle of law either by overruling clear past precedent or by deciding an issue of first impression. With respect to the second and third *Chevron* factors—namely, whether retroactive application will further or retard the application of the subject statute and whether substantial inequity would ac-

cordingly result—the Court of Appeals noted simply that the *DelCostello* Rule

> was adopted to provide uniformity in this area, to give employees ample time to vindicate their rights and, at the same time, to provide for rapid disposition of labor controversies. *DelCostello, supra,* 462 U.S. at [167], 103 S.Ct. at 2292. We adopt the persuasive reasoning of the First, Third, Fourth, Fifth, Sixth, Eighth and Eleventh Circuits that giving retroactive effect to the *DelCostello* rule would further its purpose [citations omitted]. . . .
>
> Finally, we find no equitable factor that would support non-retroactive application. Plaintiff's grievance was denied in early March 1981; yet he waited almost fifteen months to file suit even though the Union had indicated to him in July and August that it would not continue to handle his grievance. . . . Furthermore, there is no indication, despite plaintiff's contrary argument, that the defendants acted in bad faith to delay plaintiff's use of legal remedies. Indeed, plaintiff admits that he retained private counsel to deal with this matter in July 1981. This indicates that he was fully aware that he could pursue his own legal remedies and that he was not in the least deterred from pursuing them by any alleged acts of the defendants. We hold, therefore, that none of the *Chevron* factors for nonretroactive application have been met.

*Landahl v. PPG Industries, Inc.,* 746 F.2d 1312, 1315–1316 (7th Cir.1984).

The Court identifies absolutely nothing in the record of the present case to indicate that the six-month statute of limitations for actions under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as established by the United States Supreme Court in *DelCostello* and accorded retroactive application by the Court of Appeals for the Seventh Circuit in *Landahl,* should not be invoked to preclude the plaintiff from prosecuting her federal action further. The Court finds no authority and the plaintiff has advanced none for her apparent contention that a six-year statute of limitations should be recognized. In fact, relevant Wisconsin authority prescribes only a three-month limitation period on the notice of any motion to vacate, modify, or correct an arbitration award. *See* Wis.Stat. § 788.13 (1981); *International Union v. LaCrosse Cooler Company,* 406 F.Supp. 1213, 1215 (W.D.Wis.1976) (holding that, "by failing to comply with the statutory preconditions of the timely serving of notice, plaintiffs have forfeited their right to judicial review of the arbitration award").

As a final matter, the Court notes its inclination to concur in the position adopted by both defendants that the complaint, as presently framed, utterly fails to state a claim for breach of the duty of fair representation. It is the Court's view that the allegations in that pleading fall far short of the prima facie case that must be pled to maintain a cause of action under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See Flores v. The Levy Company,* 757 F.2d 806, 807–808 (7th Cir.1985) (cited *supra* at 809–810); *see also Abernathy v. United States Postal Service,* 740 F.2d 612 (8th Cir.1984) (upholding dismissal of complaint seeking review of arbitrator's award on the basis that the plaintiff had not alleged unfair union representation). Although it is convinced that this critical legal deficiency in the plaintiff's complaint provides a sufficient basis, standing alone, upon which to dismiss this action in its entirety, the Court will grant the pending motions based solely on the insurmountable jurisdictional defect discussed above.

## CONCLUSION

For the reasons stated herein, the Court hereby GRANTS the defendants' companion motions to dismiss the complaint on the merits and in its entirety, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.