**Timothy L. PEARSON, Plaintiff–Appellant,**

v.

**UNITED AUTOMOBILE WORKERS INTERNATIONAL UNION; United Authomobile Workers International Union Local No. 863, Defendants–Appellees.**

No. 15–3139.

United States Court of Appeals, Sixth Circuit.

Oct. 15, 2015.

Before: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

RALPH B, GUY, JR., Circuit Judge.

In this breach of fair representation action, plaintiff Timothy Pearson appeals the District Court's order granting summary judgment to defendant UAW. We vacate and remand.

## I.

Ford Motor Company terminated plaintiff. Defendant filed a grievance on plaintiff's behalf, arguing that he was terminated without just cause. Ford arbitration manager John Wright attempted to reach a settlement with UAW representatives Frank Keatts and Chris Crump prior to arbitration. Wright conveyed an offer of pre-retirement leave to Keatts in April 2008, but Keatts said plaintiff was "not interested." In August or September 2008, Wright again extended the offer to Keatts or Crump, this time providing a detailed accounting of the six-figure sum plaintiff stood to gain from the settlement. Crump told Wright, "It was no go." Plaintiff lost at arbitration and received only a small monthly deferred benefit payment.

On May 14, 2012, during discovery in a related matter, Ford disclosed internal emails to and from Wright regarding his April 2008 settlement offer and plaintiff's supposed rejection of it. Plaintiff first learned of the pre-retirement leave offer from this disclosure. At a June 15, 2012 deposition, Wright discussed his attempts to settle, including the August or Septem-

ber 2008 offer not mentioned in Ford's disclosures.

On December 17, 2012, plaintiff filed the instant complaint. Defendant moved for summary judgment, arguing, among other things, that plaintiff failed to bring his action within the six-month statute of limitations. The District Court agreed, and granted defendant summary judgment in a written opinion.

## II.

We review the District Court's grant of summary judgment de novo. *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009). Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In reviewing this determination, we must "view the evidence and draw all reasonable inferences in favor of the non-moving party." *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 673 (6th Cir.2013).

Unions have "the responsibility and duty of fair representation" of all employees in a bargaining unit. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 564, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) (quoting *Humphrey v. Moore*, 375 U.S. 335, 342, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964)). An employee may sue the union for breach of the duty of fair representation. 29 U.S.C. § 185; *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). An action for breach of fair representation must be filed within six months of the alleged breach. 29 U.S.C. § 160(b); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 154–155, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The statute of limitations begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Adkins*

*v. Int'l Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir.1985). Where the challenged conduct "involves a continuing and allegedly improper practice that causes separate and recurring injuries to plaintiffs, the action is deemed to be 'in the nature of a continuing trespass[,]'" and a separate cause of action accrues from each instance. *Sevako v. Anchor Motor Freight, Inc.*, 792 F.2d 570, 575 (6th Cir.1986) (quoting *Angulo v. The Levy Co.*, 568 F.Supp. 1209, 1213 (N.D.Ill.1983), *aff'd sub nom. Flores v. Levy Co.*, 757 F.2d 806 (7th Cir.1985)). Only the alleged improper acts that occurred within six months of filing the complaint are actionable. *Id.*

## III.

### A. The First Offer

■ Plaintiff first contends that he lacked notice of the April 2008 offer until Wright's June 15, 2012 deposition. According to plaintiff, Ford's May 14, 2012 disclosures merely raised suspicions of wrongdoing. To the contrary, the information in Ford's disclosures sufficed to put a reasonable person on notice of the legally relevant facts surrounding the April 2008 offer: Wright wrote that he was "trying to resolve th[e] grievance with the Union" by offering pre-retirement leave; Wright's draft letter to Keatts at "UAW–National Ford Department" extended the offer; and Wright indicated that he "offered to reinstate [plaintiff] so that he could apply for a pre-retirement leave but he declined the offer." This information, coupled with plaintiff's assertion that he did not receive the offer, was enough to put him on notice that union representatives failed to convey it, potentially giving rise to a violation of their duty of fair representation. *See Adkins*, 769 F.2d at 335. Plaintiff's claim arising from defendant's April 2008 alleged breach thus ac-

crued on May 14, 2012, and the District Court correctly found that his action for this breach was untimely.

### B. The Second Offer

■ Although the District Court acknowledged Wright's August or September 2008 offer, it did not consider whether plaintiff's claim arising from this alleged breach was timely. Ford's May 14, 2012 disclosures in no way put plaintiff on notice that Wright again extended a pre-retirement leave offer to Keatts and Crump. Rather, plaintiff first discovered this separate offer during Wright's June 15, 2012 deposition. Plaintiff contends that defendant's failure to convey the second offer constituted a continuing violation giving rise to a distinct cause of action which accrued on June 15, 2012.

In *Sevako*, this Court considered employees' allegation of a wrongful job bidding procedure, and held that "each time the alleged wrongful bid procedure is implemented, a new claimed violation of the collective bargaining agreement may occur[,]" thereby causing a separate claim to accrue and an attendant six-month statute of limitations to run. *Sevako*, 792 F.2d at 576. Other courts have found actions timely based on this continuing violation theory where there was "a repetitive succession of events [some of which occurred] within a period of six months prior to the filing of the charge." *Cone Mills Corp. v. NLRB*, 413 F.2d 445, 448 (4th Cir.1969) (relying on "the fact that the same request [for information regarding a proposed pension plan] was repeated from time to time ... within the period of six months prior to the charging date").

Like the challenged conduct in *Sevako* and *Cone Mills*, defendant's alleged repeated failure to convey settlement offers to plaintiff constituted a continuing violation. Although the injuries stemming from defendant's alleged failures to convey were apparently identical, they nonetheless arose from distinct breaches of its duty of fair representation. Because plaintiff had not and could not have discovered defendant's alleged August or September 2008 breach until Wright's deposition, plaintiff's cause of action arising from that breach accrued on June 15, 2012. *Sevako*, 792 F.2d at 575–576. Plaintiff's complaint, filed within six months of that date, was therefore timely.

Defendant's motion for summary judgment on the basis that Pearson failed to exhaust his internal union remedies and that it is entitled to judgment as a matter of law were not addressed below. We entrust those claims to the district court for resolution in the first instance.

We accordingly vacate the District Court's order and remand for proceedings consistent with this opinion.

### VACATED AND REMANDED.